## O'BRIEN *a.* BOWES.

*New York Superior Court; General Term, January,* 1860.

MODE OF TRIAL.—ORDERING TRIAL BY JURY.

If an action properly triable before a single judge without a jury, is regularly
brought to trial in that way, and a trial had, the court cannot, after all the
evidence is closed and the. cause submitted, order a trial of questions of fact by
a jury.   The judge must determine the case.

An order for the trial of questions of fact by a jury, must be made before the
cause has been actually tried.

*It seems,* that a motion for trial by jury cannot be made after ten˙ days after
issue joined ; but that the court may, of its own motion, at any time before an
actual trial has been had, order a trial by jury.

Appeal from so much of an order, made after the trial and
submission of the cause, as allowed a trial of the questions of
fact by a jury ; and an appeal from an order directing the issues
of fact to be so tried, and settling the issues therefor.

It appeared by the pleadings and the orders appealed from,
that this was an action brought by the plaintiff, alleging a part-
nership between herself and the defendant, and praying for a
dissolution, an account, a receiver, and sale, and a distribution
of the property—and payment to herself of whatever was found
due to her.

The answer denied every material fact alleged, and the issues
thus raised were brought to trial.

Proofs were given by the parties respectively, and they rested,
submitting the case to the court for its determination.

The trial was had before a single judge without a jury, and
upon such submission on the 20th day of June, 1859, he ordered,
" That the complaint in this action be dismissed without costs,
unless the plaintiff apply within five days after the service on
her attorney of a copy of this order, for a trial of the questions
of fact in this action under the Code, in which case the question
of costs is reserved."   From so much of this order as annexed

a condition to the dismissal, allowing the plaintiff to apply for a trial of the questions of fact, the defendant appealed.

On the fifth day thereafter the plaintiff applied for and obtained an order, " That the issues of fact in the action raised by the following questions be tried by a jury, and that said trial be had by submitting to and obtaining the answer of the jury to the following questions"—specifying some of the questions of fact involved in the issues, and material to the final disposition of the cause, but some only.

From this order, also, the defendant appealed.

*Frank Byrne,* for the appellant.

*J. E. Parsons,* for the respondent.

BY THE COURT.—WOODRUFF, J.—It is clear that this is not an action for the recovery of money only, or for any of the relief specified in that section of the Code of Procedure which declares what actions must be tried by a jury. (§ 253.) It seeks other relief, and falls within the provisions of that section (§ 254) which declares that " every other issue is triable by the court, which, however, may order the whole issue, or any specific question of fact involved therein, to be tried by a jury."

It is a suit which under our former system would have been a suit in Chancery—and in which a feigned issue might have been ordered, if doubtful questions of fact arose upon conflicting evidence ; and it is, therefore, a case plainly within the provisions of section 72 of the Code, which provides that " feigned issues are abolished ; and instead thereof, in cases where the power now exists to order a feigned issue, * * * an order for the trial may be made, stating distinctly and plainly the question of fact to be tried, and such order shall be the only authority necessary for a trial."

There was, therefore, no lack of power in the court to order any question of fact arising upon the issues between the parties to be tried by a jury, and to settle and determine what questions should be so tried.

The ground of the present appeal is, that it was too late to make the order when it was made. That, in fact, the cause had been tried by the court without a jury, and nothing remained but to render judgment ; and that the parties respectively were

entitled, as matter of legal right, to the decision of the judge upon the questions submitted to him. Not only so, but that in fact that decision was in substance made by declaring that the complaint be dimissed, unless the plaintiff applied for a trial.

The power of the court to order a trial by jury being clear, the inquiry is, when that order may be made, and at what stage of the proceedings it may not be made.

Rule 33 of the present rules of the court provides in terms that in cases of this description, "if either party shall desire a trial by jury, such party shall, within ten days after issue joined, give notice of a special motion to be made upon the pleadings that the wholei ssue, or any specific question of fact involved therein, be tried by a jury."

So that, by going to trial before a judge sitting without a jury, the parties plainly lost all right to move for such a trial on that hearing, or to make such motion at any time afterwards. The order of the 20th day of June, permitting the plaintiff to move for a trial by jury was in direct opposition to the rule, and the motion made in pursuance of that permission was in like manner in conflict with its provisions.

If, however, the court had power in this stage of the cause, as of its own motion, to direct the trial of the questions of fact by the jury, the order should not be reversed merely because the court authorized the plaintiff to ask for such an order.

That the court may for its own relief, at any time before the actual trial of the issues, invoke the aid of a jury for their determination, or for the determination of any question of fact involved therein, I entertain no doubt.

The power of the Court of Chancery to do so before the Code was unquestionable, and the terms of section 254 of the Code, above referred to, are broad and unqualified in conferring the power.

And although the rules of court have made it the duty of the party, if he desires such a trial, to apply within ten days after issue joined, his neglect to do so no more deprives the court of the power to seek the aid of a jury for its own relief, than the omission of the parties to apply for a reference renders it necessary for the court, or the court and jury, to examine a long account, at whatever loss of time or however great the inconvenience.

In this respect I fully agree with Mr. Justice Harris in his opinion, expressed in Church *a.* Freeman (16 *How. Pr. R.*, 297).

The court, when a cause is brought on for trial, if it appear that the trial will require the examination of a long account, may order a reference. Not only so, if there are questions to be settled which ought to be decided as a basis of the reference, or as a guide to the conduct of the referee, the court may undoubtedly hear and determine those questions, and then send the matter to a referee for the taking of the account.

So the court, when the cause is called for trial, if it see that questions of fact are involved, the determination of which may depend and probably will depend upon conflicting testimony, may order those questions to be tried by a jury. It was a common exercise of the power of a Court of Chancery; the Revised Statutes did not deprive the court of the power, and the Code, so far from taking it away, or restricting its exercise, appears to me to confirm it. (New Orleans Gas Light Company *a.* Dudley, 8 *Paige*, 452; Gardner *a.* Gardner, 22 *Wend.*, 536; Monson *a.* Clarke, 1 *Clarke Ch.*, 580.) It was the usual practice in Chancery to make the application for such a trial when the cause was brought to a hearing. (18 *Ves.*, 481; 1 *Hoffm. Ch. Pr.*, 503; 1 *Sim & S.*, 366.) And though the rule of court may now prevent a party from making a motion therefor at that stage of the proceedings, I know of nothing to prevent the exercise of the power by the court if the aid of a jury is desired.

But these views are not decisive of the present appeal. In this action there was no application by the parties for a trial by jury. The court at the trial did not order the submission of any questions to a jury. The cause was regularly brought to trial, and was tried before the judge. All the testimony which either party desired to give respecting the matters in issue was given, and the cause was submitted for determination.

All this having been done, we think all questions respecting the mode of trial were at an end, and it was the duty of the judge to decide the questions submitted. Not only so, we think it was a right of the parties respectively to have his decision.

We are aware that the Court of Chancery was accustomed, when not satisfied by the proofs as they were exhibited, to order

a cause to stand over for the production of further proofs. That court was always open, and such an order was in substance continuing or protracting the time of the cause until the matter was ripe for determination, but even that course did not involve a refusal to decide when all the proofs were in, and the case submitted for decision.

Our present system assimilates the practice in all actions, whether in law or equity. Our courts are held at successive terms, under regulations conformable to the practice of courts of law. A trial cannot regularly be begun in one term and be finished at another. And although it may be allowable to suffer a case to stand over from day to day for further proof, when the judge is sitting without a jury, we think that when the parties have closed their evidence and submitted the cause, the judge has no alternative. He must decide. He may, experience teaches that he often does, regret that the responsibility is upon him, and that he cannot rely on a jury to decide under conflict of evidence and doubts as to the credibility of witnesses, but we think he cannot decide, and that whatever might have been the power of a chancellor, the Code has allowed him no choice.

Section 267 of the Code declares, that upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk within twenty days after the court at which the trial took place.

In respect to the time of decision, this may be merely directory; but the duty to decide is absolute and unqualified, and we have no doubt that the right of the party to have a decision, and a decision of the very question tried, is so perfect and absolute that a mandamus would lie to compel the judge to make the decision.

Nor can the judge satisfy the law by any order to stand over, or to try the question elsewhere; he must decide the question of fact, and this appears from the words of the section which follow, viz.: "Judgment upon the decision shall be entered accordingly."

It follows from these views that the orders appealed from were erroneous, and so far as appealed from should be reversed.